**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:05CV323**

| | | |
|---|---|---|
| **RACHEL M. LOGEL, By her** | ) | |
| **Guardian Ad Litem,** | ) | |
| **ELIZABETH R. LOGEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social** | ) | |
| **Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the parties' cross-motions for

summary judgment.

# I. STATEMENT OF FACTS

Plaintiff is an eight year old female who was diagnosed soon after

birth with cystic fibrosis ("CF"). **Transcript of Proceedings ("Tr."), filed**

**January 11, 2006, at 15.** Plaintiff, through her mother, originally filed for

benefits on or about June 12, 2002, asserting a disability on-set date of

July 15, 1997 (Rachel's date of birth). ***Id.*, at 104-07.** When the claim was

denied, Plaintiff filed a Request for Reconsideration. ***Id.*, at 79-82, 83.** This request was also denied. ***Id.*, at 84-87.** Plaintiff then requested a hearing by an Administrative Law Judge ("ALJ"). After the hearing, the ALJ denied Plaintiff's claim in a written opinion dated February 13, 2002. ***Id.*, at 88, 14-22.** Plaintiff sought review of the ALJ's decision by the Appeals Council, but such request was denied. ***Id.*, at 5-7.** After the Appeals Council denied her request, Plaintiff filed suit in this Court seeking reversal of ALJ's decision. ***See*, Complaint, filed October 27, 2005.**

Plaintiff's treatment began immediately after she was diagnosed with CF. **Tr., at 15.** The treatment includes enzyme supplements that help her breakdown and absorb the foods she eats. ***Id.*, at 39.** Plaintiff also uses a device called a Thermovest and receives daily nebulizer treatments, both administered to help Plaintiff rid herself of the mucus that would otherwise build up in her body. ***Id.*, at 42, 58, 258.** Plaintiff's medical records, aptly summarized by the ALJ, note that she has suffered various maladies since birth. "The medical records between the ages of one and two show some complaints of diminished appetite and two additional spells of otitis media[,]" and the records from various ages reveal complaints of a mild cough and slight chest congestion from time to time. ***Id.*, at 15-16, 172-78.**

Plaintiff was hospitalized when she was approximately one year old for an "E. coli type infection." *Id.*, **at 217;** *see also*, *id.*, **at 41, 175.** Plaintiff recovered well and has not been hospitalized for any reason since that time. *Id.*, **at 20, 41.** Plaintiff has also had the flu and chicken pox, both of which she tolerated and recovered without complication. *Id.*, **at 42, 63, 256.**

Since birth, Plaintiff had been examined, on average, every four months by Dr. Ricky T. Mohon, a pediatric pulmonologist in Tennessee. *See, id.*, **at 194-226.** Dr. Mohon's "Progress Record" notes, as well as his follow-up letters to Plaintiff's primary care physicians, show that Plaintiff was generally doing well. For example, he noted in June 2002 that "[s]ince her last clinic visit [Plaintiff] continues to do very well, having no ongoing respiratory or gastrointestinal problems." *Id.*, **at 196.** In February 2002, Dr. Mohon noted that since he last saw Plaintiff in October 2001, she "has been doing well. She has had no specific problems. She has had excellent activity, appetite, and sleep patterns[,]" and "[s]he has normal review of systems with no specific complaints of headaches, earaches, sore throat, neck pain, chest discomfort, vomiting, diarrhea, urinary symptoms, or change in bowel movements." *Id.*, **at 198.** Dr. Mohon noted

at his October 18, 2001, examination of Plaintiff that she "has had an excellent four months. She has no specific abnormalities noted on today's physical examination. Her height and weight are appropriate." *Id.*, **at 201.** The same general types of statements appear in the records of Dr. Mohon's examinations of Plaintiff on June 14, 2001, February 13, 2001, June 12, 2000, February 10, 2000, July 20, 1999, February 12, 1999, October 9, 1998, June 9, 1998, February 6, 1998, and September 19, 1997. *See*, *id.*, **at 202-26;** *see also*, *id.*, **at 227-44.**

At the December 4, 2003, hearing before the ALJ, the testimony received came almost exclusively from Plaintiff's mother. *See, id.*, **at 24-76.** She testified that Plaintiff's doctors had not placed any restrictions on Plaintiff's activities. *Id.*, **at 44.** She stated that she home-schools Plaintiff, and that Plaintiff does "great" at her schoolwork. *Id.*, **at 35-36.** According to her mother, Plaintiff is "very socially developed," "well behaved most of the time," is able to understand and follow directions, is able to get along with people both her own age and older, and generally has an active life outside of her home-schooling. *Id.*, **at 45- 46, 53-54, 70-71.** She is also able to make her own bed and dress herself. *Id.*, **at 50.** Plaintiff sings in the choir at church, participates in a local gym program with other home-

schooled children, and enjoys swimming and playing on her friend's

trampoline. ***Id.*, at 45-46, 51**. Finally, Plaintiff has no problem standing,

sitting, walking, bending, or climbing. ***Id.*, at 68-69.**


## II. STANDARD OF REVIEW

### A. Denial of Social Security Disability Benefits

For purposes of Social Security disability insurance benefits,

"disability" is defined as the "inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12

months." **42 U.S.C. § 423(d)(1)(A).** Ordinarily a five-step sequential

process is utilized for determining disability. ***See,* 20 C.F.R. § 404.1520**

**(a)(4).** Where the claimant is under the age of eighteen, however, a three-

step inquiry is made. ***See,* 20 C.F.R. § 416.924(a).** To be considered

"disabled" under such inquiry, a claimant (1) must not be engaged in

substantial gainful activity, (2) "must have a medically determinable

impairment(s) that is severe," and (3) "must meet, medically equal, or

functionally equal the listings" of impairments provided in Appendix I of 20 C.F.R. Part 404, subpart P. **20 C.F.R. §§ 416.924(a)-(d).**

Where a claim for Social Security disability benefits has been denied and the case presented to a district court, the Court does not conduct a *de novo* review of the ALJ's decision. ***See, Smith v. Schweiker*, 795 F.2d 343,345 (4th Cir. 1986).** Rather, the Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." ***Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Pittman v. Massanari*, 141 F.Supp.2d 601, 605-06 (W.D.N.C. 2001); 42 U.S.C. § 405(g).** "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." ***Harrison v. Comm'r of the Soc. Sec. Admin.*, 201 F.3d 436 (table), 1999 WL 991418, at *1 (4th Cir. 1999) (citations and internal quotations omitted).**

>   In reviewing for substantial evidence, the reviewing court does not reweigh conflicting evidence, make credibility

determinations, or substitute its judgment for that of the Commissioner.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or the ALJ who makes the decision.  *See Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Accordingly, the issue before the Court is not whether [Plaintiff] "is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

**Harrison, 1999 WL 99148, at \*1.**


## B. Summary Judgment

Each party has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Summary judgment is appropriate if there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law.  **Fed. R. Civ. P. 56(c).**  "A genuine issue exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  **Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (quoting, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).**

Where, as here, both parties have moved for summary judgment, the Court will consider each motion separately.  **Massie v. Bd. of Trs., 357**

**F.Supp.2d 878, 881 (W.D.N.C. 2005).** In doing so, the evidence must be viewed in a light most favorable to the nonmoving party, and all reasonable inferences must be drawn in the nonmoving party's favor. ***See, Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 259 (4th Cir. 2005).** The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleading[s], but [must] . . ., by affidavits or as otherwise provided in [Rule 56], . . . set forth specific facts showing that there is a genuine issue for trial." **Fed. R. Civ. P. 56.**

## III. ANALYSIS

Plaintiff asserts the ALJ erred at the third step of the three-step sequential process, which required a determination of whether Plaintiff has "an impairment(s) that meets or equals" the severity of any impairment(s) provided in Appendix I of 20 C.F.R. Part 404, subpart P.[1] **20 C.F.R. § 404.1520(a)(4); Plaintiff's Brief in Support of Summary Judgment, filed March 13, 2006.** Plaintiff argues that her impairment, cystic fibrosis, is the

---

[1] The ALJ found that Plaintiff met the first two parts of the three-step sequential process. **Tr., at 15.**

medical and functional equivalent of the impairments listed in Appendix I,[2] and that she is, therefore, entitled to benefits.  ***See*, Plaintiff's Motion for Summary Judgment, filed March 13, 2003; Plaintiff's Brief.**

In determining whether a claimed impairment is "functionally equivalent" to one of the listed impairments, six domains of functioning are considered:  "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being."  **20 C.F.R. § 416.926a(b)(1).**  To qualify as "disabled," the claimant must have either (1) "extreme" limitation in one of the six domains, or (2) "marked" limitation in two of the six domains.  ***See*, 20 C.F.R. §§ 416.926a(a)&(d); *see also*, 20 C.F.R. § 416.926(e) (defining "marked" and "extreme").**  Plaintiff asserts an "extreme" impairment in the sixth domain.  **Plaintiff's Brief, at 10.**

---

[2] Despite referring to "medical equivalent" and "functional equivalent" in her statement of the issue presented, Plaintiff limits her discussion throughout her brief to the issue of "functional equivalent."  ***See*, Plaintiff's Brief.**  The Court's inquiry will, therefore, also be so limited.  ***See, e.g., Sigmon v. Recovery Equity Partners, L.P. (In re Shelby Yarn Co.)*, 306 B.R. 523, 540 (W.D.N.C. 2004) ("[I]t is not incumbent on the Court to comb the record for the facts supporting [a party's] claim.")**.

In support of her assertion that she is impaired as a result of an "extreme" impairment in the "[h]ealth and physical well-being" domain, Plaintiff relies primarily on the opinion of her treating physician, Dr. Ricky T. Mohon. *Id.*, **at 8-10.** Dr. Mohon opined that he had "reviewed the Administration's regulations concerning what is a marked and what is an extreme impairment" in the sixth domain, and that he is "of the opinion that [Plaintiff] has an extreme impairment in this domain in that she is, in the words of the regulation, 'medically fragile and need[s] intensive medical care to maintain her level of health and physical well-being.'" **Tr., at 259 (quoting 20 C.F.R. § 416.926a(l)(4)(v)).** The ALJ found Dr. Mohon's opinion "not supported by his objective medical records," and "rejected [Dr. Mohon's opinions] to the extent they are not consistent with his records of treatment." **Tr., at 21.** Plaintiff makes three arguments regarding the ALJ's purported error in rejecting Dr. Mohon's opinion: (1) "The ALJ failed to tell us exactly what in Dr. Mohon's 'objective medical records' and 'records of treatment' did not support Dr. Mohon's opinion;" (2) that because Dr. Mohon was Plaintiff's treating physician, his opinion could only be disregarded if there was persuasive contradictory evidence; and (3) "In sum, as a lay person, the ALJ was required to obtain another medical

opinion if there was not one in the record that supported his [sic] opinion. He [sic] can choose between contradictory medical reports but can not [sic] substitute his [sic] own opinion for a physician's opinion." **Plaintiff's Brief, at 11-14.**

First, the ALJ sufficiently informed Plaintiff of why Dr. Mohon's opinion was unsupported by the medical records when she explained what the medical records revealed, what the law required, and why Plaintiff did not exhibit a "marked" or "extreme" limitation in any of the six domains of functioning. *See,* **Tr., at 14-21.** Second, even if the Court were to find that the ALJ's explanation was in some manner deficient, her decision is amply supported by the record evidence and would, therefore, not be reversed by this Court. *See, e.g.,* ***Heflin v. Comm'r of the Social Security Admin.*, 96 Fed. Appx. 123 (4ᵗʰ Cir. 2004) (rejecting appeal wherein plaintiff claimed error based on ALJ's purportedly "ignor[ing] the treating physician's opinion without providing an explanation for doing so[,]" as the court found "sufficient evidence in the record to support the Commissioner's decision to deny benefits").**

As to Plaintiff's second argument, the Court would first note that it is the ALJ, not a treating physician, who makes the determination regarding

"functional equivalence." **See, 20 C.F.R. § 416.926a(n) ("For cases in the disability hearing process or otherwise decided by a disability hearing officer, the responsibility for determining functional equivalence rests with . . . the disability hearing officer[.]");** *see also*, **20 C.F.R. § 416.927(e)(2) ("Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals [the Listings] . . ., the final responsibility for deciding these issues is reserved to the Commissioner.").** Therefore, while Dr. Mohon could certainly proffer an opinion on whether Plaintiff met the legal requirements for disability benefits, the final decision was not his to make. Second, while Plaintiff is correct in asserting that a treating physician's opinion is generally accorded substantial weight, such opinion must "*always* [be] consider[ed] . . . together with the rest of the relevant evidence" submitted, **20 C.F.R. § 416.927(b) (emphasis added)**, and is not entitled to receive special weight where it is not supported by the evidence. **See, 20 C.F.R. 416.927(d).** Here, the ALJ determined that Dr. Mohon's opinion as to Plaintiff's having an "extreme" limitation in the sixth domain of functioning was not supported by the record evidence, and the Court, having reviewed the entirety of the record, finds such opinion clearly

supported by substantial evidence. There was, therefore, no error in the ALJ's disregarding Dr. Mohon's opinion to the extent it was unsupported.

Finally, Plaintiff asserts that the ALJ improperly substituted her own opinion for that of Dr. Mohon, and that a physician or other medical specialist should have issued a medical finding of no "extreme" limitation in the sixth domain of functioning, which the ALJ could have used as the basis for her opinion. ***See*, Plaintiff's Brief, at 14.** There are, in fact, *two* medical opinions in the record that found Plaintiff did not exhibit "marked" limitation in the sixth domain, let alone an "extreme" limitation. ***See*, Tr., at 157-62 ("Childhood Disability Evaluation Form," completed July 12, 2002, by DDS medical consultant), and 163-68 ("Childhood Disability Evaluation Form," completed August 5, 2002, by DDS medical consultant); 20 C.F.R. § 404.1527(f)(2)(i) ("[ALJ's] must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence.").**

Having reviewed the ALJ's decision and the entirety of the record, the Court finds such decision was reached by application of the correct legal standard and was supported by substantial evidence. ***Craig*, 76 F.3d at 589.** The decision will therefore be affirmed. *Id.*

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for summary

judgment is **DENIED**, and Defendant's motion for summary judgment is

**GRANTED**.  A Judgment affirming the Commissioner's decision and

dismissing this action is filed herewith.

Signed: June 16, 2006

Lacy H. Thornburg
United States District Judge